FILED
SEP 17 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**<br>454 Shotwell Street<br>San Francisco, CA 94110<br><br>and<br><br>**PUBLIC KNOWLEDGE**<br>1875 Connecticut Avenue, N.W.<br>Suite 650<br>Washington, DC 20009,<br><br>Plaintiffs,<br><br>v.<br><br>**OFFICE OF THE UNITED STATES<br>TRADE REPRESENTATIVE**<br>600 17th Street, N.W.<br>Washington, DC 20508,<br><br>Defendant. | Case: 1:08-cv-01599<br>Assigned To : Collyer, Rosemary M.<br>Assign. Date : 9/17/2008<br>Description: FOIA/Privacy Act |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, for injunctive, declaratory and other appropriate relief. Plaintiffs seeks the expedited processing and release of records concerning the Anti-Counterfeiting Trade Agreement ("ACTA"), a plurilateral trade agreement focused on combating counterfeiting and piracy. Because the requested records involve a matter of substantial public interest, and there is an "urgency to inform the public" about ACTA, plaintiffs are statutorily entitled to the expedited treatment they seek.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii). This

court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

3. Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the State of California, with offices in San Francisco, California and Washington, DC. EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology, and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

4. Plaintiff Public Knowledge is a nonprofit public interest advocacy organization that represents consumers' rights in Washington, D.C. Public Knowledge works with consumer and industry groups to promote balance in intellectual property law and technology policy, ensuring that the public can benefit from new innovations, fast and affordable access, and the use of content.

5. Defendant Office of the United States Trade Representative ("USTR") is an agency of the Executive Branch of the United States Government. USTR is an "agency" within the meaning of 5 U.S.C. § 552(f).

## Public Interest in the ACTA Negotiation Process

6. On October 23, 2007, the United States Trade Ambassador, Susan Schwab, announced that defendant USTR would commence negotiations on ACTA a plurilateral trade agreement focused on combating counterfeiting and piracy with a number of the U.S.'s key trading partners, including Canada, the European Union, Japan, the Republic of Korea, Mexico, New Zealand and Switzerland. Australia has also been invited to join the negotiations.

7. In October 2007, defendant USTR made available on its website a one-and-a-half-page Fact Sheet on ACTA. In a Federal Register notice dated February 15, 2008, the agency requested comments on ACTA from interested parties by March 22, 2008.

8. On May 22, 2008, "A Discussion Paper on a Proposed Anti-Counterfeiting Trade Agreement" appeared on the Wikileaks website. As described in the posted document, ACTA could require increased sharing of citizens' information between signatory countries' law enforcement agencies, a new regime to "encourage [Internet service providers] to cooperate with right holders in the removal of infringing material," criminal measures, and increased *ex officio* border search powers that might extend to searching of travelers' digital devices for, among other things, counterfeit and pirated goods.

9. There has been a significant volume of media reports and commentary on the leaked discussion paper, demonstrating that there is widespread public interest in the contents of ACTA and its impact on American citizens.

### Plaintiffs' FOIA Request and Request for Expedited Processing

10. By letter delivered by facsimile to defendant USTR and dated June 11, 2008, plaintiffs requested under the FOIA the following agency records (including, but not limited to, electronic records) from January 1, 2006, to the present concerning the ACTA negotiations:

1) All records, including agenda, briefing notes, participant lists, and presentation documents, concerning USTR meetings with industry associations including, but not limited to, the Global Business Leaders' Alliance Against Counterfeiting, the International Trademark Association, the U.S. Chamber of Commerce, and the Coalition Against Counterfeiting and Piracy, concerning ACTA;

2) All records, including agenda, briefing notes, participant lists, and presentation documents, concerning USTR meetings with officials and representatives from governments other than the United States, concerning ACTA, including, but not limited to, meetings of the Global Congress on Combating Counterfeiting;

3) All records, including agenda, briefing notes, participant lists, and presentation documents, concerning USTR meetings with officials and representatives from international entities dealing with the enforcement of intellectual property, including,

3

but not limited to, the World Intellectual Property Organization, the World Customs Organization, the World Trade Organization, Interpol, and the World Health Organization on ACTA;

4) All records, including agenda, briefing notes, participant lists, and presentation documents, concerning USTR meetings with other U.S. government agencies on ACTA;

5) Copies of all correspondence between USTR and officials and representatives of the European Commission and other European Community negotiating entities or advisory committees on trade negotiations, and officials and representatives of the governments of Japan, Switzerland, Canada, Australia, New Zealand, Mexico, and the Republic of Korea concerning ACTA; and

6) Copies of all other agency memoranda, briefing notes, analysis, and other records concerning ACTA.

11. On information and belief, defendant USTR received plaintiffs' letter described in ¶ 10 on June 11, 2008.

12. In their letter to defendant USTR dated June 11, 2008, plaintiffs requested expedited processing of the FOIA request described in ¶ 10. Plaintiffs' request was in conformance with the requirements for such requests set forth in defendant USTR's regulations. Plaintiffs stated that their FOIA request meets the criteria for expedited processing under the FOIA, 5 U.S.C. § 552(a)(6)(E)(v)(II), because it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity," and the request is made by "a person primarily engaged in disseminating information."

13. In support of their request for expedited processing of their FOIA request, plaintiffs noted that "[t]he federal government activity at issue here - USTR's role in the development of this new trade agreement - raises serious concerns for citizens' due process and privacy rights for several reasons" and delineated those reasons. Plaintiff further noted that

> the USTR has indicated that negotiations on the trade agreement will be completed by the end of 2008. The sparse information about the trade agreement made available by the USTR to date along with the limited opportunity for citizens to provide feedback raises significant concerns about the process of negotiation of the agreement and its potential impact on citizens' civil liberties.

4

> The secrecy surrounding the agreement is particularly concerning when "many say [ACTA] will change the substantive rights the public has to use copyrighted works or inventions." The information we have requested will help the public and Congress fully participate in informed debate over whether the USTR should be negotiating the agreement and its implications for concerned citizens' civil liberties and privacy rights.

(Footnotes omitted.)

14. In further support of their request for expedited processing of their FOIA request, plaintiffs stated that "[t]he high level of media interest in the ACTA discussion paper posted on Wikileaks further underscores the urgency to inform the public about the information we seek. In fact, a Google News search for 'Anti-Counterfeiting Trade Agreement' returns 82 articles published over the past month in the United States and throughout the world." Plaintiffs attached the referenced Google News results to their letter.

15. Plaintiffs provided defendant USTR extensive documentation demonstrating that plaintiffs are "primarily engaged in disseminating information."

16. On June 23, 2008, after receiving no written acknowledgement of plaintiffs' FOIA request, counsel for plaintiffs spoke by telephone with USTR employees David Apol and Elizabeth Glacer. Mr. Apol and Ms. Glacer asked plaintiffs' counsel to consider the possibility of narrowing the scope of plaintiffs' FOIA request.

17. By letter delivered by facsimile to defendant USTR and dated July 24, 2008, plaintiffs stated:

> We are writing with respect to our request under the Freedom of Information Act, 5 U.S.C. §552, dated June 11, 2008 for certain records relating to the Anti-Counterfeiting Trade Agreement (attached hereto), and the telephone conversation with Mr. David Apol and Ms. Elizabeth Glacer of the FOIA office of the Office of the United States Trade Representative ("USTR") on June 23, 2008 in which you asked us to consider narrowing the scope of our request, in particular, in relation to email records.

18. In their letter of July 24, 2008, plaintiffs stated, "[W]e are prepared to clarify the scope of our request, by seeking the following records from the period January 1, 2007 to the

present, in place of the records requested for the period January 1, 2006 to the present, in paragraphs 1-5 of our request dated June 11, 2008:

1) Participant lists, agendas, presentations and documents distributed at, or received at, meetings of USTR staff with agents and representatives of the recorded music, motion picture, software, video games, electronics, fashion and luxury goods and pharmaceutical industries, concerning the ACTA;

2) Participant lists, agendas, presentations and documents distributed at, or received at, meetings of USTR staff with agents, representatives and officials of international entities dealing with the enforcement of intellectual property, including but not limited to the World Intellectual Property Organization, the World Customs Organization, the World Trade Organization, Interpol, and the World Health Organization, concerning the ACTA;

3) Participant lists, agendas, presentations and documents distributed at, or received at, meetings of USTR staff with officials and representatives from governments other than the United States, concerning the ACTA;

4) Participant lists, agendas, presentations and documents distributed at, or received at, meetings of USTR staff with other U.S. government agencies, including but not limited to, meetings with staff, agents and representatives of the Copyright Office of the Library of Congress, concerning the ACTA;

5) Copies of all other agency memoranda, briefing notes, and analysis concerning the ACTA."

19. In their letter of July 24, 2008, plaintiffs further stated, "In place of paragraph 6 of our request of June 11, 2008, we request the following records for the period from January 1, 2007 to the present:

6) Copies of emails exchanged between staff of the USTR and officials and representatives of other U.S. government agencies in relation to substance of the ACTA;

7) Copies of emails exchanged between staff of the USTR and officials and representatives of governments other than the United States in relation to substance of the ACTA;

8) Copies of emails exchanged between staff of the USTR and officials and representatives of international entities engaged in intellectual property enforcement (including those listed in paragraph 2 above) in relation to substance of the ACTA; and

9) Copies of emails exchanged between staff of the USTR and representatives and agents of the industries listed in paragraph 1 above, in relation to substance of the ACTA."

20. On information and belief, defendant USTR received plaintiffs' letter described in ¶¶ 17-19 on July 24, 2008.

### Defendant's Failure to Timely Respond to Plaintiffs' FOIA Request and Request for Expedited Processing

21. On August 22, 2008, plaintiffs' counsel attempted to reach USTR's employee, Mr. Apol, by telephone, but counsel's call was directed to Mr. Apol's voicemail system. Plaintiffs' counsel left a voicemail message for Mr. Apol referencing plaintiffs' FOIA request of June 11, 2008, and plaintiffs' follow-up letter of July 24, 2008. Plaintiffs' counsel requested information on the status of plaintiffs' FOIA request.

22. To date, plaintiffs have received no communications from defendant USTR concerning their FOIA request and request for expedited processing.

23. Plaintiffs have exhausted the applicable administrative remedies.

24. Plaintiffs are entitled to expedited processing of their FOIA request under the standards contained in the FOIA and defendant USTR's regulations.

25. Defendant USTR has wrongfully withheld the requested records from plaintiffs.

## CAUSES OF ACTION

### First Cause of Action

### Violation of the Freedom of Information Act for Failure to Grant Request for Expedited Processing

26. Plaintiffs repeat and reallege paragraphs 1-25.

27. Defendant USTR's failure to grant plaintiffs' request for expedited processing violates the FOIA, 5 U.S.C. § 552(a)(6)(E).

### Second Cause of Action

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

28. Plaintiffs repeat and reallege paragraphs 1-25.

29. Defendant USTR has wrongfully withheld agency records requested by plaintiffs by failing to comply with the statutory time limit for the processing of FOIA requests.

### Requested Relief

WHEREFORE, plaintiffs pray that this Court:

A. Order defendant USTR to expedite the processing of plaintiffs' FOIA request submitted to defendant USTR on June 11, 2008, and to disclose all responsive, non-exempt records;

B. Issue a declaration that plaintiffs are entitled to expedited processing of their FOIA request submitted to defendant USTR on June 11, 2008;

C. Provide for expeditious proceedings in this action;

D. Retain jurisdiction of this action to ensure that the processing of plaintiffs' FOIA request is expedited;

E. Award plaintiff its costs and reasonable attorneys fees incurred in this action; and

F. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
DAVID L. SOBEL, D.C. Bar No. 360418
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue NW
Suite 650
Washington, DC 20009
(202) 797-9009

MARCIA HOFMANN, D.C. Bar No. 484136
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333

Counsel for Plaintiffs