UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER<br>  FOUNDATION, et al.,<br><br>         Plaintiffs,<br><br>         v.<br><br>OFFICE OF THE UNITED STATES<br>  TRADE REPRESENTATIVE,<br><br>         Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 08-1599 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

ANSWER

Defendant, by its undersigned attorneys, hereby answers as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

In response to the numbered paragraphs, and the unnumbered section of the Complaint entitled "Requested Relief," defendant admits, denies, or otherwise avers as follows:

1.  First and second sentences:  These sentences consist of plaintiff's characterization of the action, which do not require an answer, but insofar as an answer may be seemed required, deny.  Third sentence:  Deny, as a conclusion of law.

2.  This paragraph consists of plaintiff's allegations regarding jurisdiction and venue, which do not require answers, but insofar as answers may be deemed required, deny.

3-4.  Deny, for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

-2-

5.  Deny, except to aver that the Office of the United States Trade Representative (USTR) is subject to the Freedom of Information Act (FOIA) in this case and maintains certain records to which plaintiffs seek access.

6.  Deny, except to aver release of an October 23, 2007 press release by USTR concerning negotiations toward an Anti-Counterfeiting Trade Agreement (ACTA), to which the Court is respectfully referred for a complete and accurate statement of its contents.

7.  First sentence:  Admit.  Second sentence:  Deny, and aver that in the Federal Register notice dated February 15, 2008, USTR requested comments on ACTA from interested parties by March 21, 2008 and not March 22, 2008.

8.  Deny, for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

9.  Deny.

10.  Deny, except to aver receipt of a letter from plaintiffs dated June 11, 2008, to which the Court is respectfully referred for a complete and accurate statement of its contents.

11.  Admit.

12.  First sentence:  Deny, except to aver receipt of a letter from plaintiffs dated June 11, 2008, to which the Court is respectfully referred for a complete and accurate statement of its contents.  Second sentence:  Deny, as a conclusion of law.  Third sentence:  Deny, except to aver receipt of a letter from plaintiffs dated June 11, 2008, to which the Court is respectfully referred for a complete and accurate statement of its contents.

13.  Deny, except to aver receipt of a letter from plaintiffs dated June 11, 2008, to which the Court is respectfully referred for a complete and accurate statement of its contents.

-3-

14. First sentence:  Deny, except to aver receipt of a letter from plaintiffs dated June 11, 2008, to which the Court is respectfully referred for a complete and accurate statement of its contents.  Second sentence:  Deny, for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.  Third sentence:  Deny, except to aver receipt of a letter from plaintiffs dated June 11, 2008, to which the Court is respectfully referred for a complete and accurate statement of its contents.

15. Deny, except to aver receipt of a letter from plaintiffs dated June 11, 2008, to which the Court is respectfully referred for a complete and accurate statement of its contents.

16. First sentence:  Admit that counsel for plaintiffs were contacted by telephone on June 23, 2008 by USTR employees David Apol and Elizabeth Glaser.  Second sentence:  Admit that Mr. Apol and Ms. Glaser informed plaintiffs' counsel that plaintiffs' FOIA request was broadly worded and asked him to consider the possibility of narrowing the scope of plaintiffs' request in order to facilitate the search for and processing of any responsive records.

17-19.  Deny, except to aver receipt of a letter from plaintiffs dated July 24, 2008, to which the Court is respectfully referred for a complete and accurate statement of its contents.

20. Admit.

21. Admit.

22. Deny, and aver that USTR communicated by telephone with counsel for plaintiffs regarding this FOIA request on June 23, 2008.

23-25.  Deny, as conclusions of law.

26. Defendant reasserts its answers to paragraphs 1-25.

27. Deny, as a conclusion of law.

-4-

28. Defendant reasserts its answers to paragraphs 1-25.

29. Deny, as a conclusion of law.

Plaintiff's first unnumbered paragraph, which appears under the heading "Requested Relief": This paragraph contains plaintiff's prayer for relief, which does not require an answer, but insofar as an answer may be deemed required, deny.

Each and every allegation not heretofore expressly admitted or denied is denied.

Defendant denies that plaintiff is entitled to the relief prayed for or to any relief whatsoever.

-5-

WHEREFORE, defendant, having fully answered, respectfully asks that this action be

dismissed with prejudice and that defendant be granted its costs.

Respectfully submitted,

_____

JEFFREY A.  TAYLOR
(DC Bar #498610)
United States Attorney


_____

RUDOLPH CONTRERAS
(DC Bar # 434122)
Assistant United States Attorney


                            /s/
_____
Dated:  October 30, 2008            Vanessa R. Brinkmann
                                    Attorney-Advisor
                                    Office of Information and Privacy
                                    United States Department of Justice
                                    1425 New York Ave., NW, Suite 11050
                                    Washington, DC  20530-0001
                                    (202) 616-5462

                                    Counsel for Defendant